UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| YOLANDA C. GIBSON-MICHAELS, | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 1:06CV01933 (RMU) |
| | * | |
| DOUGLAS FAHEY ET AL. | * | |
|     Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

DEFENDANT DOUGLAS FAHEY'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM,
AND SUPPORTING POINTS AND AUTHORITIES

Defendant Douglas Fahey, by counsel, hereby moves to dismiss the Plaintiff's Pro Se Complaint against him for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

As grounds for this Motion, and in support hereof, Fahey states as follows.

I.   BACKGROUND

Defendant Fahey worked as an employee of Securiguard, Inc. and USEC Service Corporation. These two companies provide contract security services at the offices of the Federal Deposit Insurance Corporation ("FDIC") in the District of Columbia and in Virginia. USEC is the prime contractor with FDIC, and Securiguard has a subcontract with USEC.

The title of the Plaintiff's Pro Se Complaint in this particular case suggests that she seeks redress against Fahey for alleged "negligence, defamation of character[, and] unauthorized interception of oral communications." (Complaint at

p. 1.) Although the Plaintiff's Pro Se Complaint baldly alleges at least 16 alleged violations of federal statutes and regulations, the Plaintiff's lawsuit against Fahey appears to be based primarily on her contention that he acted unlawfully by "intentionally, willfully and without a court order" placing a Sony Tape recorder … inside the purse of Jenekia Johnson on April 14, 2004 and April 15, 2004 as part of an FDIC-requested investigation into certain allegations made by Johnson, an FDIC intern, against the Plaintiff concerning work-place threats. *Id.* at p. 4.

The Plaintiff's Pro Se Complaint admits that Fahey acted with Johnson's consent. (Id. at p. 7 ("Plaintiff was unaware that Ms. Johnson unlawfully, *intentionally and knowingly* possessed a Sony cassette tape recorder" during the referenced conversations with Plaintiff) (emphasis added).)

From this main allegation, the Plaintiff goes on to allege in her Pro Se Complaint that Defendant Fahey violated her rights by recording her communication with Ms. Johnson with Ms. Johnson's consent. And for this she seeks damages.

II.     ARGUMENT

Plaintiff's Pro Se Complaint against Defendant Fahey is fatally flawed because it rests on a demonstrably incorrect conclusion of law: *i.e.,* that Fahey somehow acted unlawfully by providing Johnson with a tape recorder to enable her to tape conversations she had with the Plaintiff in connection with the FDIC-requested investigation. *See id.* at p. 9 ("Jenekia Johnson and Douglas R. Fahey violated Plaintiff's privacy rights, interception of oral communications ... .")

Even under the lenient Rule 12(b)(6) standard of review, this Court need not accept as true the Plaintiff's erroneous conclusions of law. *See, e.g., DePippo v. Chertoff*, ____ F. Supp. 2d ____, ____, 2006 WL 2686758 at *1-2 (D.D.C. Sept. 20, 2006). Contrary to the Plaintiff's conclusion, Johnson acted lawfully when she tape recorded several conversations she had with the Plaintiff, *see* 18 U.S.C. § 2511(c) and (d) (generally permitting a person, whether or not "acting under color of law," to intercept an oral communication where such person is a party to the communication); *see also* D.C. Code § 23-542(b)(2) and (3) (same), and thus Fahey also acted lawfully when he provided Johnson with a tape recorder during the course of his FDIC-requested investigation into allegations of work-place threats.

Plaintiff's Pro Se Complaint against Defendant Fahey also suffers from other serious problems. Finally, Plaintiff alleges nothing in the Pro Se Complaint that conceivably could support any claim for negligence against Defendant Fahey. And, aside from mention of the phrase "defamation of character" in the title of the Pro Se Complaint, the Plaintiff again makes no allegations whatsoever suggesting that Defendant Fahey made any defamatory statements concerning the Plaintiff.

III.    CONCLUSION

For the reasons set forth herein, Defendant Fahey requests that this Court dismiss the Plaintiff's Pro Se Complaint in this case.

                                       Respectfully submitted,

                                       KAUFMAN LAW, A Professional Corporation
                                       11350 Random Hills Rd.  Suite 800

Fairfax, VA 22030
703.764.9080
703.764-0014 (fax)
david@dzklaw.com
Counsel for Defendant Doug Fahey

By: _____
David Zachary Kaufman, Bar# 435123

## CERTIFICATE OF SERVICE

I hereby certified that I caused a true and correct copy of the following to be served by first class mail, postage prepaid, on each of the following on December 10, 2006:

| | |
|---|---|
| Yolanda Gibson-Michaels, | Jenekia J. Johnson |
| *Pro Se* Plaintiff | 1414 Colony Road |
| 2210 Anvil Lane | Oxon Hill, MD 20748 |
| Temple Hills, MD 20748 | *pro se* Defendant |

_____
David Zachary Kaufman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS,   *
    Plaintiff,   *
        *
v.   *   CASE NO. 1:06CV01933 (RMU)
        *
DOUGLAS FAHEY ET AL.   *
    Defendants.   *

*   *   *   *   *   *   *   *   *   *   *   *

**ORDER**

THIS COURT, upon Motion of Defendant Douglas Fahey to Dismiss for Failure to Comply with Rule 8(a) and for Failure to State a Claim, after careful consideration and for good cause shown hereby

GRANTS Defendant Fahey's Motion and

ORDERS that Plaintiff's Complaint be DISMISSED WITH PREJUDICE as to Defendant Fahey.

Entered this _____, 200___.

_____
Judge, U.S. District Court