UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS,    *
    Plaintiff,    *
                              *
v.    *    CASE NO. 1:06CV01933 (RMU)
                              *    CASE NO. 1:06CV01940 (RMU)
DOUGLAS FAHEY ET AL.    *
    Defendants.    *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

DEFENDANT FAHEY'S INITIAL RESPONSE AND REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANTS
USEC Services AND SECURIGUARD'S MOTION TO STRIKE

COMES NOW DEFENDANT Douglas Fahey, by undersigned counsel, and files this initial response and reply to Plaintiff's Opposition to Defendants USEC Services, Inc.'s and Securiguard's Motion to Strike and states:

1. Plaintiff has filed her Opposition in all three related cases, 1:06CV01933, 1:06CV01938, and 1:06CV01940. But Plaintiff only objected to the Securiguard Defendants's Local Rule 7.1 filings in 1:06CV01938 and the Securiguard Defendants' Motion to Strike was only filed in that case. Plaintiff should never have filed her Opposition in 1:06CV01933 and 1:06CV01940.

2. Doug Fahey is not a named party in 1:06CV01938. Doug Fahey should never have been named as part of Plaintiff's filing in "1938".

3. Furthermore, Doug Fahey's counsel filed a non-frivolous Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) in both "1933" and "1940". Plaintiff's allegations to the contrary notwithstanding, Mr. Fahey is now awaiting the Court's ruling on his Motions.

Page 1 of 3

     4.  To the extent any other response is required by Defendant Fahey in either "1933" or "1940", Defendant Fahey refers the Court to his Motions to Dismiss for Failure to State a Claim, which are hereby incorporated by reference.

     5.  Most of Plaintiff's "Opposition" actually appears to be additional argument and invective addressed to or about all the Defendants.  Local Civil Rule does not permit a second round of argument.  Plaintiff, because she is *pro se*, is not held to the same standard as an attorney[1], but frivolous or vexatious filings and misleading the court about settlements are prohibited--even to *pro se* litigants.  If Plaintiff persists in such conduct, an appropriate sanction or sanctions would be appropriate.

          Respectfully submitted,

          KAUFMAN LAW, A Professional Corporation
          11350 Random Hills Rd.  Suite 800
          Fairfax, VA 22030
          703.764.9080
          703.764-0014 (fax)
          david@dzklaw.com
          Counsel for Defendant Doug Fahey

By: _____
     David Zachary Kaufman, Bar# 435123

---

[1] For example, Plaintiff has alleged that "the FDIC, in good faith, has agreed to enter into a Global Settlement Agreement ... ."  Counsel for the FDIC has stated that this is completely false to fact.  Indeed, the emails Plaintiff has attached to her "Opposition" merely indicate the willingness to entertain a settlement proposal if one is made.

CERTIFICATE OF SERVICE

  I hereby certified that on March 14, 2007, I caused a true and correct copy of the following to be served on all parties and defense counsel by ECF and by first class mail, postage prepaid, on the following parties:

| | |
|---|---|
| Yolanda Gibson-Michaels, | Jenekia J. Johnson |
| *Pro Se* Plaintiff | 1414 Colony Road |
| 2210 Anvil Lane | Oxon Hill, MD 20748 |
| Temple Hills, MD 20748 | *pro se* Defendant |

             _____
             David Zachary Kaufman