UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| YOLANDA C. GIBSON-MICHAELS, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 1:06CV01933 (RMU) |
| | * | |
| DOUGLAS FAHEY ET AL. | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

DEFENDANT FAHEY'S MOTION FOR EXTENSION OF TIME
TO FILE MEET AND CONFER STATEMENT
REQUIRED BY LOCAL RULE LCvR 16.3

COME NOW Defendant Douglas R. Fahey, by his counsel and moves for an extension of time to file Defendants' Meet and Confer Statement required by Local Civil Rule LCvR 16.3. The grounds for this motion are:

1.   Defendant Fahey and the other defendants in the related cases Plaintiff has filed have in good faith attempted to meet the requirements of LCvR 16.3 and provide a timely report to the Court. To that end, and despite the fact that it is the responsibility of Plaintiff to do so, counsel for the Federal Deposit Insurance Corporation, arranged for and the parties to participate in a telephone conference on March 16, 2007, from 4:00 p.m. until 6:00 p.m.

2. Counsel for all Defendants in all the related cases, Ms. Gibson-Michaels and her attorney for the meet and confer conference only, David Rose, participated in the conference.[1] Also present was an attorney who works for the FDIC, Ms. Lamoreaux.

---

[1]   Mr. Rose's role in this litigation is not completely clear to Defendant Fahey's counsel as he has not yet entered his appearance in any of the various cases Ms. Gibson-Michaels has filed. Nonetheless, Ms. Gibson-Michaels asked to have him included and Defendants complied with her request.

Page 1 of 5

3. During the telephone conference, the thirteen topics identified in LCvR Rule 16.3 were discussed and a tentative agreement was reached on each topic. All parties to the telephone call, including Ms. Gibson-Michaels and her counsel, Mr. David Rose, agreed to the tentative responses.

4. All the parties further agreed that additional comments would be received by close of business on March 23, 2007, and that the Rule 16.3 Report would be filed jointly by Monday, March 26, 2007. Exhibit 1 is the draft Rule 16.3 report that was circulated and which all Defendants approved.

5. Mr. Rose has not commented on Exhibit 1.

6. Exhibit 2 is Ms. Gibson-Michaels March 24, 2007, final response to Exhibit 1. Ms. Gibson-Michaels now refuses to agree to anything other than a referral to Magistrate-Judge Kay for settlement purposes. The defendants do not believe that settlement is possible in this case and will not agree to such actions.

7. In her March 24, 2007, email Ms. Gibson-Michaels states that she has filed a Motion to Suppress Evidence and a Request for Injunctive Relief. This document was received by ECF on March 28, 2007. Defendants will reply to these Motions in a timely manner.

8. Plaintiff also indicated in her March 24, 2007, email that Mr. Rose was "appointed" but Defendants were informed by both Plaintiff and Mr. Rose that Mr. Rose would represent Plaintiff for settlement purposes only. But Mr. Rose participated in the telephone conference of March 16, 2007, as Plaintiff's counsel.

9. On March 28, 2007, Ms. Gibson-Michaels applied to the Court for appointed counsel. Exhibit 3. Defendant Fahey believes that the Court should be aware that Ms. Gibson-Michaels has retained (in some undefined capacity) Mr. David Rose, Esq. as well as her repeated

assertions, during the March 16th telephone conference, that she would be retaining counsel within 30 days.

    10. Defendant Fahey believes that Exhibit 3 does not make the showing required of a *pro se* plaintiff before the court will appoint civil counsel. Nowhere does plaintiff show any diligence in her (un)alleged effort(s) to obtain counsel or that she cannot afford to hire counsel. *See* Exhibit 4 (*Sullivan v. Albright* CA 00-0668 (RMU), Order Vacating and Resetting Initial Status Hearing; Directing Plaintiff to Provide Documentation in Support of her Motion for Appointment of Counsel filed Oct. 26, 2000).) *See also* Exhibit 5 (*Sullivan v. Powell,* ca 00-0668 and 01-1487 Order Denying Without Prejudice the Plaintiff's Motion for Appointment of Counsel filed Jan. 4, 2002).)

    11. Moreover, dispositive motions are presently pending in this case on behalf of Mr. Fahey which, if successful, would relieve him of the obligation set forth in Local LCvR 16.3.

    Because of Plaintiff's failure to cooperate, the pendency of dispositive motions, and Plaintiff's recent request that the Court appoint counsel, Mr. Fahey requests that an extension of time be granted to file the parties' Joint Meet and Confer Report required by Local R. C. Pro. 16.3 and that the Court rule as expeditiously as possible on his pending Motion.

    Wherefore all Defendants ask the Court to Grant the Defendants' Motion and Extend the deadline for filing the Joint Report required by Local Rule LCvR 16.3 so that the Parties will have until ten days after the Court's ruling on dispositive motions or further order of the Court, to file the parties' Joint Meet and Confer Report.

    In the alternative, all Defendants request the Court accept Exhibit 1 as the Defendants' Meet and Confer Report required by LCvR 16.3.

A proposed order is attached.

                                                Respectfully submitted,

KAUFMAN LAW, A Professional Corporation
11350 Random Hills Rd. Suite 800
Fairfax, VA 22030
703.764.9080
703.764-0014 (fax)
david@dzklaw.com
Counsel for Defendant Doug Fahey

By: _____
      David Zachary Kaufman,
      Bar# 435123

## CERTIFICATE OF SERVICE

I hereby certified that I caused a true and correct copy of the following to be served by first class mail, postage prepaid, on each of the following on March 29, 2007:

Yolanda Gibson-Michaels,
*Pro Se* Plaintiff
2210 Anvil Lane
Temple Hills, MD 20748

_____
David Zachary Kaufman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS, * <br>     Plaintiff, * <br> * <br> v. * <br> * <br> DOUGLAS FAHEY ET AL. * <br>     Defendants. * | CASE NO. 1:06CV01933 (RMU) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **ORDER**

THIS COURT, after considering the Defendant's Motion for Extension of Time to File a Joint Report as required by LCvR 16.3., and the opposition of Plaintiff thereto, for good cause hereby

GRANTS Defendant's Motion and

ORDERS that the Parties will have until ten days after the Court's ruling on dispositive motions or further order of the Court, to file the parties' Joint Meet and Confer Report in accordance with Local Rule LCvR 16.3.

And the Case continues

Entered this _____, 2007.

_____
J. Urbina

Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
YOLANDA GIBSON-MICHAELS,   )
    Plaintiff,                          )
    v.                                      )  Civil Action No. 1:06-cv-1940 (RMU)
                                          )
SHEILA C. BAIR, Chairman,         )
ROBERT FELDMAN, Executive Secretary )
Federal Deposition Insurance Corporation, )
                                          )
SECURIGARD INCORPORATION, )
                                          )
USEC CORPORATION,               )
                                          )
WORK VIOLENCE RESEARCH INSTITUTE,)
                                          )
DOUGLAS R. FAHEY,                 )
                                          )
JENEKIA J. JOHNSON,               )
    Defendants.                        )
_____)


**JOINT RULE 16.3 REPORT**

    Pursuant to Local Rule 16.3 and the Court's Order for Initial Scheduling Conference, the parties submit the following report:

    This is only one case of four that plaintiff, appearing *pro se*, has filed in which she names a number of the same defendants and these cases have been identified as related to this case. The named defendants in the related cases believe that this Joint Rule 16.3 Report should apply to all of the related cases filed by the Plaintiff. The civil action numbers for those cases are *Gibson-Michaels v.Douglas R. Fahey*, C.A. No. 1:06-CV-01933 (RMU); *Gibson Michaels v. Securiguard Inc. and USEC*

*Corp.*, C.A. No. 1:06-CV-01938 (RMU); and *Gibson-Michaels v. Jenekia J. Johnson*, C.A. No. 1:06-CV-01939 (RMU). All defendants, except Jenekia J. Johnson, who has not been served, were represented at the meet and confer meeting held on March 16, 2007, as well as plaintiff and her counsel, David Rose, who indicated that he was not Plaintiff's litigation counsel and was only entering an appearance to facilitate the Rule 16.3 conference and that he represented Plaintiff in matters involving settlement. Defendants note that there is no realistic possibility of settlement in this case. Four of the defendants presently have fully briefed motions to dismiss pending action by this Court. As these motions were filed early in the litigation, the defendants are hopeful that the Court will rule on them in the very near future. Because a ruling on these motions would significantly modify any proposed schedule, the parties believe that discovery, including initial disclosures, should be stayed pending a ruling on dispositive motions. At that time, defendants propose that the parties remaining in the case again meet and confer, and that an updated meet and confer statement be filed.

    1. <u>Dispositive Motions/Discovery Timeframe</u>: Dispositive motions are presently pending with respect to the plaintiff's

claims against four defendants, Securiguard Corp., USEC Corp.,[1] Douglas Fahey, and Workplace Violence Institute.  Therefore, the parties agree that discovery, including initial disclosures, should be stayed pending resolution of these motions.  Federal defendants will file a partial dispositive motion on or before April 16, 2007, and propose that oppositions and replies be due in accordance with the rules of Court.  For any of the plaintiffs's claims that survive the initial dispositive motions challenging those claims at the pleadings stage, the defendants believe that a schedule for motions for summary judgment on the merits of any surviving claims after the close of fact discovery should be established, but that the actual schedule be deferred until after the Court rules and the close of discovery.  Should a schedule be required now, the parties recommend the following schedule:

> All Summary Judgment Motions by any party – due 30 days after the close of discovery.
>
> Opposition and Reply Briefs related to Summary Judgment Motion, -- due in accordance with the time periods set forth in the Rules of this Court.

    2.   <u>Joinder/Amendment/Narrowing</u>: None are anticipated by defendants.  However, plaintiff intends to move to amend her complaint on or before April 16, 2007.  It is unclear how or for

---

[1] The correct name of "USEC Corp." is USEC Service Corporation.

what purpose the plaintiff intends to amend her complaint. Such motion is expected to be opposed by some or all defendants, unless any amendment serves only to narrow the issues and provide a clearer statement of the plaintiff's existing claims.

    3.   <u>Assignment To Magistrate Judge</u>: Defendants do not wish for this matter to be assigned to a Magistrate Judge for all purposes, but believe the assignment would be appropriate for discovery disputes.

    4.   <u>Settlement Possibility</u>: Defendants do not believe settlement is possible in this case. Plaintiff would like to settle the matter.

    5.   <u>Alternative Dispute Procedures</u>: Defendants do not believe that Alternative Dispute Resolution is appropriate for this matter. Plaintiff would like to settle the matter.

    6.   <u>Summary Judgment</u>: See No. 2, above.

    7.   <u>Initial Disclosures</u>: The parties agree that the initial disclosures will be exchanged after the stay of discovery they propose is lifted.

    8.   <u>Discovery</u>: As noted above, all parties agree that discovery, including initial disclosures, should be stayedpending the Court's ruling on dispositive motions. For any claims that remain after the Court's ruling, the parties propose that a scheduling conference or new meet and confer meeting be

held to discuss the schedule in the context of the surviving claims.

    9.   <u>Experts</u>:  See No. 8.

    10.  <u>Class Action Procedures</u>:  Not applicable.

    11.  <u>Bifurcation of Discovery or Trial</u>: The parties would like to revisit this issue after dispositive motions are ruled upon.

    12.  <u>Proposed Date For The Pretrial Conference</u>: The parties propose that a pretrial conference be set 60 days after on the Court rules on any summary judgment motions or, if no summary judgment motions are filed, 60 days after the close of discovery.

13.  <u>Trial Date</u>: The parties propose that a trial date be set at the pretrial conference.

From: "Yolanda Gibson-Michaels" <ygmichaels@yahoo.com>
To: "Levin, Harvey A." <HLevin@thompsoncoburn.com>
Cc: <david@businessbrawls.com>; "Scott Helsel" <SHelsel@walton-adams.com>; <david@dzklaw.com>; <daver@roselawyers.com>; <Claire.Whitaker@usdoj.gov>; "RoseLawFirm" <josh@roselawyers.com>; "Sandra RoseRose LawFirm" <shudson@roselawyers.com>
Subject: RE: Gibson Michaels Meet and Confer Conference
Date: Saturday, March 24, 2007 10:33 AM

To all parties,

  Plaintiff has filed a Motion to Suppress Evidence and a Request for Injuctive Relief.  Judge Urbina has the authority to rule on a Motion to Suppress Evidence not a Magistrate Judge.  Upon a ruling to Suppress evidence of the intercpetion of my oral communications, tape recordings, transcripts, investigative interviews collected not in accordance to requirements.

  I will only agree to an application for the appointment of Magistrate Kay to enter into individual Settlement negotiations with all named Defendants with the assistance of appointed counsel David Rose.


Yolanda C. Gibson-Michaels

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EXHIBIT 3

YOLANDA C. GIBSON-MICHAELS )
      Plaintiff, )
       )
      v. ) Civil Action No. **1:06CV01940** Rmu
       )
SHELA C. BAIR, et.al. )
      Defendants )

## PLAINTIFFS' REQUEST APPOINTMENT OF COUNSEL

Now Comes, Yolanda C. Gibson-Michaels (prose), Plaintiff in the above-entitled action, and files for **Honorable Judge Ricardo M. Urbina** to Appoint Counsel on behalf of Plaintiff from the **Civil Pro Bono Panel**.

In support thereof, Plaintiff states the following: Plaintiff is a pro se litigant. The Court granted leave for Plaintiff to proceed *in forma pauperis in accordance to* Local Civil Rule 83.11 governs the establishment of the Panel and the appointment process.

Plaintiff has claims before this Honorable Court against multiple Defendants in violation of age, race, sex, parental rights, Title VII, defamation of character, negligent hiring, interception of oral communications in violation of Plaintiff privacy rights, and other claims against the FDIC and named Defendants.

**Wherefore**, Plaintiff reserves her right to substitute Counsel; if deemed necessary.

                                    Yolanda C. Gibson-Michaels
                                    2210 Anvil Lane
                                    Temple Hills, Maryland 20748
                                    (301) 630-5062

RECEIVED
MAR 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

# CERTIFICATE OF SERVICE

I Herby Certify that on this 26th day of **March 2007**, a copy of the foregoing **PLAINTIFFS' REQUEST FOR APPOINTMENT OF COUNSEL** was mailed to named defendants:

**Copies to:**

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, N.W. – Suite 600
Washington, DC 20006

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia 22030
Securiguard, Inc.
  and USEC Corporation

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia 20190

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C. 20530

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
      Plaintiff, )
       )
    v.   ) Civil Action .**1:06CV01940**
       )
SHELA C. BAIR, et.al. )
      Defendants )

## ORDER

It is upon consideration of **PLAINTIFFS' REQUEST FOR APPOINTMENT OF COUNSEL** hereby by **Granted** on this _____ day of _____, 2007.

_____
Judge

**Copies to:**

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, N.W. – Suite 600
Washington, DC 20006

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia 22030
Securiguard, Inc./USEC Corporation

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia 20190

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C. 20530

3

EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATHIE SULLIVAN,

    Plaintiff,

v.

MADELINE K. ALBRIGHT,
Secretary of State,

    Defendant.

Civil Action No.:   00-0668 (RMU)

Document No.:   None

FILED
OCT 2 6 2000
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

O R D E R

**Vacating and Resetting Initial Status Hearing;
Directing Plaintiff to Provide Documentation in Support of
her Motion for Appointment of Counsel;**

On March 27, 2000, the plaintiff filed her complaint in this action. The plaintiff attached a request for appointment of counsel to her complaint, in which she stated "I cannot afford [an attorney] at this time." The plaintiff provided no further documentation of her purported inability to afford counsel.

Under *Poindexter v. FBI*, courts are directed to assess whether the plaintiff is able to afford counsel. *See* 737 F.2d 1173, 1186 (D.C. Cir. 1984). In evaluating the plaintiff's ability to afford counsel, a court should not insist that a plaintiff be destitute, nor should it demand as substantial a showing as that required to proceed *in forma pauperis*. *See id.* at 1186. If a court finds that a plaintiff can afford to hire counsel, however, this ordinarily will be a dispositive ground for denying the request for appointment. *See id.* at 1187.

In addition, the plaintiff must make "a reasonably diligent effort under the circumstances to obtain counsel." *See id.* at 1188. This requirement turns on such factors as the plaintiff's



experience in dealing with lawyers, the availability of counsel in the geographic area, and other factors peculiar to the plaintiff's case.

Accordingly, upon consideration of the plaintiff's request for appointment of counsel, it is this **26** day of October, 2000,

**ORDERED** that the plaintiff shall have up to and including **November 17, 2000** to submit documentation demonstrating her entitlement to appointment of counsel; and it is

**FURTHER ORDERED** that the initial status hearing set for October 31, 2000 at 9:15 a.m. is **VACATED**; and it is

**ORDERED** that the initial status hearing shall be held on **December 11, 2000 at 9:15 a.m.** Should the plaintiff retain counsel or receive an appointment of counsel, the court will entertain motions to reschedule this status hearing at a later date.

**SO ORDERED.**

_____
Ricardo M. Urbina
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JAN 4 - 2002

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

KATHIE SULLIVAN,

        Plaintiff,

    v.

COLIN L. POWELL,
Secretary of State,

        Defendant.

Civil Action Nos.:   00-0668 (RMU)

01-1487 (RMU)

## ORDER

**DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL;
CONSOLIDATING THE PLAINTIFF'S CIVIL ACTIONS;
SETTING A STATUS CONFERENCE**

On March 27, 2000, the plaintiff filed a complaint *pro se* against the Secretary of State alleging employment discrimination and retaliation, and moved for appointment of counsel. On October 26, 2000, this court issued an order directing the plaintiff to submit further information in support of her motion. On November 28, 2000, the court granted the plaintiff's motion for appointment of counsel.[1] On July 6, 2001, the plaintiff filed a new complaint, Civil Action 01-1487, which appears to be a continuation of the conduct alleged in the first complaint, and again moved the court for appointment of counsel.

The court has considered the potential merits of the plaintiff's claim, the complexity of the legal and factual issues involved, the inability of the party to retain counsel by other means, the degree to which the interests of justice would be served by appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel, the plaintiff's

---

[1] Woodley Osborne graciously volunteered to assist the plaintiff in mediation with the defendant. The court was unsuccessful in its numerous attempts to find an attorney willing to represent the plaintiff for all aspects of this litigation.

ability to conduct whatever factual investigation is necessary to support her claim, and the ability of the plaintiff to afford an attorney. *See Poindexter v. Federal Bureau of Investigation*, 737 F.2d 1173, 1185-86 (D.C. Cir. 1984). The court has also taken into consideration the limited *pro bono* resources available to the court. After carefully reviewing and weighing these factors, the court concludes that appointment of counsel is not warranted at this time.

The court now turns to the issue of consolidation. Consolidation is a matter within the sound discretion of the trial court. *See* 9 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2383 (2d ed. 2001). Pursuant to Federal Rule of Civil Procedure 42(a), the court concludes that consolidation is appropriate.

Accordingly, it is this 4th day of January, 2002,

**ORDERED** that the plaintiff's motion for appointment of counsel is **DENIED without prejudice**; and it is

**FURTHER ORDERED** that the two above-captioned cases, 00-668 and 01-1487, are hereby consolidated into one case; and it is

**ORDERED** that the new action shall be captioned 00-668 and Civil Action 01-1487 shall be **DISMISSED** from the docket of this court; and it is

**FURTHER ORDERED** that a status hearing is set for this matter on January 8, 2002 at 11:30 a.m.

**SO ORDERED.**

_____
Ricardo M. Urbina
United States District Judge