RECEIVED
APR 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
    Plaintiff,              )
                             )
      v.                      ) Civil Action: **06CV01933 (RMU)**
                             )
Douglas R. Fahey et.al.      )
    Defendants          )

**PLAINTIFFS' RESPONSE TO DOUGLAS R. FAHEY'S RESPONSE TO PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**

Now comes, the Plaintiff Yolanda C. Gibson-Michaels (prose), in Response to Douglas R. Fahey (unlicensed)(Defendant) contractor response to Plaintiffs Appointment of Counsel. Defendant by and through Counsel engaged into an unlawful violation of Plaintiff's Federal Protected Activities (Freedom of Religious) speech while knowingly and willfully acting under the color of law State, Local, and Federal law.

Counsel argument is moot. Counsel and named Defendants are aware that Plaintiff's claims are valid. Plaintiff's Motion to Permanently Suppress Evidence and Motion for Injunctive Relief is warranted. See *Katz v. United States, 389 U.S. 347.*

RECEIVED
APR 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Plaintiff was denied due process, procedural due process, 1st, 2nd, 4th, 5th Amendments, Miranda rights, Denied Counsel; detained (false arrest) by a guard contractor acting under the color of law.

Courts apply the **Fourth Amendment** ["**Fruit of the poisonous tree Doctrine**. See **U.S.** v. **Smith**, 155 F.3d 1051, 1060 (9th Cir. 1998) and the **Fourth Amendment** search-and-seizure jurisprudence. Section 2515 rule applies to all **court proceedings**, **Federal** and **State**, **administrative agencies**, **legislatures**. See United States v. Janis, 428 U.S. 433 (1976), See United States v. Calandra, 414 U.S. 338 (1974). See 18 U.S.C. § 2511. See 18 U.S.C §§ 2510-2520,), **requires a court order issued by a judge who must decide that there is probable cause to believe that a crime has been, is being or is about to be committed**.

Defendant Douglas R. Fahey by and through his own actions engaged into a prohibited interception of Plaintiff's oral communications. **See 18 U.S.C. §2515.**

The wire tap act is clear, there are no ambiguities. See 18 U.S.C. §2510. See U.S.C. §2701(a) and 18 U.S.C. §2510 (15)." 18 U.S.C. §2511(1)(d). Also See **Leach** v. **Bryam, 68 F.Supp.2d 1072 (D.Minn, 1999)**. See **Rodgers** v. **Wood, 910 F.2d 444** (7th Cir. 1990). See **Bess** v. **Bess**, 929 F.2d 1332 (8th Cir. 1991).

2

**Wherefore**, Defendant Douglas R. Fahey by and through his Counsel Oppositions, Motions, Objections, Opinions and Arguments are moot.

Plaintiff is entitled to Motion Suppress Evidence\Injunctive Relief, Punitive, Civil and Criminal liabilities assessed against Douglas R. Fahey et.al,.

                        Respectfully submitted,

                        Yolanda C. Gibson-Michaels (prose)
                        2210 Anvil Lane
                        Temple Hills, Maryland  20748
                        (301) 630-5062

## CERTIFICATE OF SERVICE

I herby certify that on this **26th day of April 2007**, a copy of the foregoing Plaintiff's Response To Douglas Fahey Response to Plaintiff's Request for Appointment of Counsel was served upon:

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia  22030

3