UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| YOLANDA C. GIBSON-MICHAELS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1933 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 4, 10, 13, 14, 16 |
| | : | | |
| DOUGLAS R. FAHEY *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING DEFENDANT FAHEY'S MOTION TO DISMISS AND *SUA SPONTE* DISMISSING THE
CLAIMS AGAINST DEFENDANT JOHNSON

**I. INTRODUCTION**

The plaintiff, appearing *pro se*, brings this action alleging that the defendants, Douglas R. Fahey and Jenekia J. Johnson, intercepted her oral communication by use of a tape recorder in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 *et seq*. She also asserts claims for defamation and negligence. The case is before the court on defendant Fahey's motion to dismiss. Because the plaintiff fails to state a claim against defendant Fahey and because she has not served defendant Johnson, the court dismisses the claims against both defendants.

**II. BACKGROUND**

**A. Factual Background**

The plaintiff is a former employee of the Federal Deposit Insurance Corporation ("FDIC"). Compl. ¶ 1. The plaintiff alleges that on April 14, 2004, defendant Johnson, an intern at the FDIC, told the plaintiff that she had been the victim of a money theft on FDIC property. *Id.* The

plaintiff and defendant Johnson had a conversation in a closed door office where the plaintiff alleges that she gave defendant Johnson "words of wisdom, examples of her life, advice and quoted a few Bible scriptures as examples." *Id.*

Following this conversation, defendant Johnson informed James T. Lantelme, the FDIC's Assistant General Counsel, that the plaintiff had made threatening comments to her. *Id.* ¶ 5 & at 21. Lantelme then initiated an investigation pursuant to FDIC policies for addressing workplace violence issues. *Id.* at 22. Defendant Fahey, a contract investigator employed by the Securiguard Corporation, conducted the investigation. *Id.* at 1 & ¶ 4. At Fahey's suggestion, Johnson agreed to place an electronic tape recorder in her purse during her next conversation with the plaintiff. *Id.* ¶ 3 & at 28.

After the recorded conversation, the plaintiff received an e-mail from defendant Fahey requesting an interview regarding her alleged threat against defendant Johnson. *Id.* ¶ 4. The plaintiff's supervisor informed her that failure to cooperate in the investigation could result in disciplinary action. *Id.* ¶¶ 8, 12. Instead of meeting with Fahey, the plaintiff sent an e-mail to the supervisor denying she had threatened defendant Johnson. *Id.* ¶¶ 13-14. The plaintiff's supervisor suspended her for five days without pay. *Id.* ¶ 18.

### III. ANALYSIS

#### A. The Plaintiff Fails to State a Claim Against Defendant Fahey

#### 1. Standard of Review

In ruling on motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. FDIC.*, 132 F.3d 753,

761 (D.C. Cir. 1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "'Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### 2. Title III Claim

The plaintiff alleges that the defendants violated her rights under the federal wiretap statue by tape-recording her conversation with defendant Johnson and using the recorded information in the FDIC investigation. Title III authorizes and regulates electronic surveillance for law enforcement purposes and also regulates private conduct. *Bartnicki v. Vopper*, 532 U.S. 514, 523 (2001). Title III generally prohibits the interception and disclosure of any wire, oral, or electronic communication. 18 U.S.C. § 2511. The statute also makes it unlawful to use or to procure another person to intercept such communication. *Id.* § 2511(1)(b). An individual whose communication has been intercepted may recover damages from a person or entity that violates Title III. *Id.* § 2520.

The wiretap statute contains certain exceptions or defenses, one of which is applicable here. Specifically, Title III authorizes the interception of wire communications "where . . . one of the parties to the communication has given prior consent to such interception." *Id.* § 2511(c); *see also Berry v. Funk*, 146 F.3d 1003, 1011 (D.C. Cir. 1998) (discussing exceptions to Title III's prohibitions). The plaintiff concedes that defendant Johnson, a party to the communication,

consented to the tape-recorded conversation at issue in this case. As such, the plaintiff has failed to state a claim based on the wiretap statute.

### 3. Defamation and Negligence Claims

To establish a defamation claim, a plaintiff must show that (1) the defendant made a false and defamatory statement concerning the plaintiff; (2) the defendant published the statement to a third party; (3) the defendant's behavior rose to at least the level of negligence; and (4) either the statement was actionable as a matter of law or that its publication caused the plaintiff special harm. *Bennett v. United States Chess Fed'n*, 468 F. Supp. 2d 79, 89 (D.D.C. 2006) (citation omitted); *Beeton v. District of Columbia*, 779 A.2d 918, 923 (D.C. 2001). In the complaint, the plaintiff alleges that due to the interception of her oral communication with Johnson, she is "a victim of Bio-metric Identity threat, deprived of income, benefits, and suffered egregious defamation of my former outstanding character as a former employee" at the FDIC. Compl. at 2. This is the extent of the plaintiff's allegations regarding her defamation claim. She has not identified what statements of defendants were false or defamatory or otherwise alleged sufficient facts to state a defamation claim.

The plaintiff's negligence claim also lacks sufficient allegations to make out a claim on which relief can be granted. A claim of negligence under District of Columbia law has the following elements: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached his or her duty; (3) the breach was the proximate cause of (4) damages sustained by the plaintiff. *Fletcher v. District of Columbia*, No. 01-0297, 2005 WL 670676, at *6 (D.D.C. Mar. 22, 2005); *Powell v. District of Columbia*, 634 A.2d 403, 406 (D.C. 1993). The plaintiff has not identified the duty owed her by the defendants or any of the other elements of a negligence claim. The court

therefore dismisses the plaintiff's negligence claim.

### B. The Plaintiff Has Not Served Defendant Johnson

Local Rule 5.1(e) provides, in pertinent part, that a *pro se* plaintiff proceeding *in forma pauperis* "must provide in the caption [of the complaint] the name and full residence address or official address of each party. Failure to provide the address information within 30 days upon filing may result in the dismissal of the case against the defendant." LCvR 5.1(e). Because plaintiff is proceeding *in forma pauperis*, a United States Marshal performed process of service. 28 U.S.C. § 1915(d). The United States Marshal attempted to perform service on defendant Johnson at the address provided by the plaintiff, but was unsuccessful.

The party on whose behalf service is made has the burden of establishing its validity and must demonstrate that the procedure satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). A district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process. *Bares v. Nolan*, 123 Fed. Appx. 238, 249 (7th Cir. 2005). Even a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Clariett v. Rice*, No. 04-2250, 2005 WL 3211694, at *4 (D.D.C. Oct. 18, 2005); *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987).

Here, it is undisputed that defendant Johnson has not been properly served under Rule 4(e). Generally, *pro se* plaintiffs who depend on Court officers should not be penalized for a court officer's failure to properly effect service of process. *See Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1060 (D.C. Cir. 1988) (MacKinnon, J. concurring). Deference to plaintiffs' *pro se* status cannot justify, however, the exercise of jurisdiction over a defendant who has not been served properly. *See Huskey v. Quinlan*, 785 F.Supp. 4, 6 (D.D.C. 1992) (dismissing for lack of personal

jurisdiction claims brought by *pro se* plaintiff proceeding *in forma pauperis* because "[n]othing in the record . . . reflects that any of the Defendants have been properly served").

Service of process is also defective because the plaintiff has not complied with the time limits of Rule 4(m) of the Federal Rules of Civil Procedure. That rule provides that the summons and complaint must be served on a defendant within 120 days after the filing of the complaint or the court "shall dismiss the action without prejudice" as to that defendant. FED. R. CIV. P. 4(m).[1] However, courts "shall extend the time for an appropriate period" if the plaintiff shows "good cause" for failure to effect timely service. *Id.* The plaintiff bears the burden of showing good cause. *Byrd v. District of Columbia*, 230 F.R.D. 56, 59 (D.D.C. 2005); *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004).

More than 120 days have passed since the plaintiff filed the complaint. The plaintiff has failed to demonstrate good cause for her failure to provide a correct address for Johnson to effect service in a timely manner. Ignorance of the rules of procedure does not constitute good cause. *Id.* Although *pro se* litigants are given more latitude than represented parties to correct defects in service of process, *see Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 875 (D.C. Cir. 1993), additional time likely will not assist plaintiff. Therefore, the claims against defendant Johnson are subject to dismissal prejudice pursuant to Rules 4(e) and 4(m).[2]

---

[1] As noted above, the claims against defendant Johnson are also subject to dismissal under FED. R. CIV. P. 12(b)(6).

[2] Because of the court's disposition of defendant Fahey's motion to dismiss, the plaintiff's motions are denied as moot.

## IV.  CONCLUSION

For all of the foregoing reasons, the court grants defendant Fahey's motion to dismiss and also dismisses the claims against defendant Johnson.  An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of May 2007.

/s/
RICARDO M. URBINA
United States District Judge
