UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| YOLANDA C. GIBSON-MICHAELS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1933 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 24, 26 |
| | : | | |
| DOUGLAS R. FAHEY *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

MEMORANDUM ORDER

DENYING PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL
AND MOTION TO STAY PROCEEDINGS

I. INTRODUCTION

The plaintiff, appearing *pro se*, brought this action alleging that the defendants, Douglas R. Fahey and Jenekia J. Johnson, intercepted her oral communication by tape recorder in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 *et seq*. Because the plaintiff failed to state a claim against defendant Fahey and because she had not served defendant Johnson, the court dismissed the claims against both defendants. Plaintiff now moves to vacate the order of dismissal and to stay the proceedings in order for her to obtain counsel. Because the plaintiff does not provides a valid basis for vacating the dismissal or staying the proceedings, the court denies the plaintiff's motion.

II. BACKGROUND

The plaintiff is a former employee of the Federal Deposit Insurance Corporation ("FDIC"). Compl. ¶ 1. The plaintiff alleges that on April 14, 2004, defendant Johnson, an intern at the FDIC, told the plaintiff that she had been the victim of a money theft on FDIC property. *Id.* The plaintiff and defendant Johnson had a conversation in a closed-door office where the plaintiff

alleges that she gave defendant Johnson "words of wisdom, examples of her life, advice and quoted a few Bible scriptures as examples." *Id.*

Following this conversation, defendant Johnson informed James T. Lantelme, the FDIC's Assistant General Counsel, that the plaintiff made threatening comments to her. *Id.* ¶ 5 & at 21. Lantelme then initiated an investigation pursuant to FDIC policies for addressing workplace violence issues. *Id.* at 22. Defendant Fahey, a contract investigator employed by the Securiguard Corporation, conducted the investigation. *Id.* at 1 & ¶ 4. At Fahey's suggestion, Johnson agreed to place an electronic tape recorder in her purse during her next conversation with the plaintiff. *Id.* ¶ 3 & at 28.

After the recorded conversation, the plaintiff received an e-mail from defendant Fahey requesting an interview regarding her alleged threat against defendant Johnson. *Id.* ¶ 4. The plaintiff's supervisor informed her that failure to cooperate in the investigation could result in disciplinary action. *Id.* ¶¶ 8, 12. Instead of meeting with Fahey, the plaintiff sent an e-mail to the supervisor denying she had threatened defendant Johnson. *Id.* ¶¶ 13-14. The plaintiff's supervisor suspended her for five days without pay. *Id.* ¶ 18.

## III. ANALYSIS

The resolution of a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure is a matter of the court's discretion and "need not be granted unless the [court] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (internal quotation marks and citation omitted). "[A] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has

already ruled, nor is it a vehicle for presenting theories or arguments that could have been advanced earlier." *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F.Supp.2d 138, 140 (D.D.C. 2003) (internal quotation marks and citations omitted). "While the [C]ourt has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure." *Id.* (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)).

Rule 60(b) provides, in pertinent part, that "upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding [where] . . . it is no longer equitable that the judgment should have prospective application; or [for] any other reason justifying relief from operation of the judgment." Fed. R. Civ. P. 60(b).  For such a motion to be granted, there must be a "significant change in circumstances." *Hammond v. Kempthorne*, 448 F.Supp.2d 114, 119 (D.D.C. 2006) (quoting *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 383 (1992)).

Plaintiff contends that the dismissal order should be vacated because the court did not apply Rule 5.1 of the Federal Rules of Civil Procedure.  That statute provides that a party challenging the constitutionality of a federal statute must promptly file notice with the court and serve notice on the Attorney General of the United States.  Fed. R. Civ. P. 5.1 (a)(1)-(2).  If these conditions are satisfied, the court must certify to the Attorney General that there is a constitutional challenge to a federal statute.  Fed. R. Civ. P. 5.1(b).

Rule 5.1 is not applicable here.  Plaintiff's complaint does not challenge the constitutionality of a federal statute, but rather alleges that defendants have violated the Constitution and federal statutes.  The constitutional validity of these statutes is not at issue in this case.  Moreover, plaintiff has not provided any evidence that she served notice of a constitutional

challenge on the Attorney General.

The remainder of plaintiff's motion merely reasserts arguments previously considered and rejected by the court. Plaintiff has not provided any basis for vacating the dismissal order or for staying the proceedings.

## IV. CONCLUSION

For all of the foregoing reasons, it is this 2nd day of August, 2007

ORDERED that plaintiff's motion to vacate [24] is DENIED. It is

FURTHER ORDERED that plaintiff's motion to stay proceedings [26] is DENIED.

/s/
RICARDO M. URBINA
United States District Judge